**Mary F. MOBLEY, Plaintiff,**

v.

**BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA, d/b/a Augusta College, et al., Defendants.**

**Civil Action No. CV 195–51.**

United States District Court,
S.D. Georgia,
Augusta Division.

Aug. 16, 1996.

Oliver Torbitt Ivey, Jr., Ivey & Assoc., Augusta, GA, for plaintiff.

Dennis Robert Dunn, Assist. Atty. General, Atlanta, GA, Rebecca Sue Mick, State Law Dept. Atlanta, GA, Stephen E. Curry, Augusta, GA, for defendants.

## ORDER

BOWEN, Chief Judge.

Before the Court is Plaintiff's Motion to Alter or Amend the Judgment of this Court, entered April 1, 1996, in which Defendants' Motion for Summary Judgment was granted and judgment was entered against Plaintiff [hereinafter referred to as the "April 1 Order"].

The procedural posture of this case is unusual. Mr. Samuel W. Cruse, Plaintiff's attorney during the pendency of the summary judgment motion, timely filed the motion to alter or amend the April 1 Order under Fed.R.Civ.P. 59(e). However, Plaintiff thereafter terminated Mr. Cruse. In the April 1 Order, I found that Plaintiff had failed to state a claim under the Americans with Disabilities Act ("ADA") because she could not show that she suffered from a disability as defined by the ADA. Thus, Plaintiff could not establish a prima facie case of discrimination under the ADA. *See Smith v. Upson County*, 859 F.Supp. 1504, 1514 (M.D.Ga.1994), *aff'd*, 56 F.3d 1392 (11th Cir.1995) (table disposition). Plaintiff's claim that her asthma constituted a disability was rejected because of a total lack of medical evidence that her asthma substantially limits one or more of her major life activities. In opposition to the motion for summary judgment, Mr. Cruse failed to submit an affidavit or the testimony of Plaintiff's treating physician of four years, Dr. James T. Tippett, or any other medical evidence of her disability, other than three short memorandums Dr. Tippett had sent to Augusta College over the course of two years.[1] In the Motion to Alter or Amend Judgment, Mr. Cruse submits eight nonmedical depositions, which cannot salvage Plaintiff's claim from a motion for summary judgment when the motion essentially focuses on a medical issue.

Plaintiff retained Mr. O. Torbitt Ivey as substitute counsel in May of 1996. For good cause, I granted Mr. Ivey's motion to extend time within which to file Plaintiff's Supplement to the Motion to Alter or Amend Judgment, which has now been filed and served.

Mr. Ivey is cognizant of the problems with Plaintiff's presentation of the case in opposition to the motion for summary judgment. The Supplement to the Motion to Alter or Amend attempts to remedy the situation. It includes a thirty-five page affidavit of Dr. Tippett and his twenty-nine page office chart. At this time, I will not decide whether this supplemental information changes the result reached in the April 1 Order.

Instead, I note the discussion contained within the first twenty-one pages of Plaintiff's Supplement, which addresses a comprehensive environmental study of six buildings at Augusta College [hereinafter referred to as the "ATEC Report"] that details the environmental problems at the institution. The ATEC Report reveals that in each of the attic spaces of the six buildings tested, asbestos particles where either actively being released or had been released prior to sampling. Plaintiff contends that this 1700–page study of the buildings revealed to Defendants as early as January of 1995 that Augusta College had serious environmental problems. Yet, Defendants maintained in their Answer and in their Brief in Support of a Motion for Summary Judgment that no significant air quality threats existed at the College. According to the documentation provided by Plaintiff, it appears that Plaintiff made repeated requests through formal discovery and otherwise for the production of all environmental reports dealing with Augusta College. Defendants often responded that Plaintiff had all such reports and that all reports and studies were made available to the public in the library. However, the physical plant director at Augusta College revealed in his deposition in October of 1995 that the four-volume ATEC Report was placed in the library just two days earlier.[2] Plaintiff contends that Defendants' representations as to the air quality at Augusta College throughout this case are irreconcilable

---

1. Plaintiff has also been regularly attended by a cardiologist, Dr. Vipul B. Shah, and a pulmonologist, Dr. James R. Gossage; yet, neither of their office charts, affidavits or depositions appear in the record.

2. Defendants provided an executive summary of the ATEC Report to Plaintiff in March of 1995. Although Plaintiff did not have the ATEC Report when she filed her Complaint, it would be hyperbole to assert she was totally ignorant of its contents until October of 1995.

with the level of knowledge Defendants possessed with regard to the magnitude of the asbestos problem.

Although Plaintiff has not moved for sanctions in conjunction with this alleged misconduct, I am concerned with the appearance of impropriety on behalf of Defendants. I am even more concerned that Plaintiff has not had the opportunity to have her claim fully considered by this Court because of the apparent incompetence of Mr. Cruse. This situation calls to mind the following sagacious words of a prominent Georgian jurist, Justice Logan E. Bleckly:

> [A litigant's] case being finally and forever lost, with his argument unheard, he would feel perhaps, and sometimes justly feel, that the outrage of deciding without hearing him was greater, far greater, than the calamity of the adverse decision itself. He might get justice, but with it a wound from the court more painful than any justice which the court could administer; for it is not impossible that a suppressed speech may occasion more mental torture than a lost case.

*Early v. Oliver & Norton,* 63 Ga. 11, 18 (1879). In short, a manifest injustice would result if the April 1 Order is allowed to stand because Plaintiff has not been given a full and fair opportunity to have this Court consider all the relevant evidence through no fault of her own.

I view Plaintiff's Supplement to the Motion to Alter or Amend Judgment as a motion separate and apart from Mr. Cruse's motion. The label given a submission to this Court is not necessarily congruous with the remedy sought. Clearly, Mr. Ivey is seeking reconsideration of the April 1 Order in light of the attendant circumstances outlined above. As such, the Supplement to the Motion to Alter or Amend Judgment (docket no. 58) is treated as a Motion for Reconsideration.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (docket no. 58) is **GRANTED** and the Order of April 1, 1996, is **VACATED** in its entirety. The clerk is instructed to **REOPEN** this case and reset the last day for filing a motion for summary judgment to September 5, 1996. Plaintiff's Motion to Alter or Amend Judgment (docket no. 37) is **DENIED AS MOOT.** The case shall hereafter proceed accordingly.